TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JOSE SOLIS
Special Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: jose.solis.jr@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR25-02525-RCC-MSA-1 |
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE OR LIMIT THE DEFENSE EXPERT TESTIMONY |
| vs. | |
| Hernan Rafael Castro, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, respectfully moves in limine to challenge the qualifications of the noticed defense expert, Monika Sud-Devaraj. The defense has not met its burden to show by a preponderance of the evidence that Ms. Sud-Devaraj's proposed expert testimony is admissible under Federal Rule of Evidence 702. The government respectfully requests that a pretrial *Daubert* be set for Ms. Sud-Devaraj's proposed testimony and occur on November 18, 2024, at the same hearing set for the defense's motion to dismiss evidentiary hearing. As required under the local rules and the Court's orders, the parties have conferred about this motion in limine but are unable to reach a resolution without court intervention.

## BACKGROUND

Defendant provided the government with Ms. Sub-Deveraj's sworn statement and resume to identify Ms. Sub-Deveraj as the defense's expert witness in providing her opinion as to what the defendant was thinking at the time of the crime. Ms. Sub-Deveraj

1   has worked as defense counsel in immigration related cases for the past two decades with

2   some experience as government counsel with the former Immigration and Naturalization

3   Service (INS) from 1992 to 2002.

4   **ARGUMENT**

5        If expert testimony is challenged, the party proffering the expert testimony must

6   show by a preponderance of the evidence that the expert's testimony is admissible. *Daubert*

7   *v. Merrell Dow Pharm.*, 509 U.S. 579, 592 n.10 (1993). Before admitting expert testimony,

8   "the district court must perform a 'gatekeeping role' of ensuring that the testimony is both

9   'relevant' and 'reliable'" under Rule 702 of the Federal Rules of Evidence ("FRE"). *United*

10   *States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019), *cert. denied*, 140 S. Ct.

11   1135 (2020) (citing *Daubert v. Merrell Dow Pharms*., *Inc.,* 509 U.S. 579, 597 (1993)). The

12   Ninth Circuit Court of Appeals has held that even where a Daubert evidentiary hearing is

13   not needed, the trial court's gatekeeping role requires a preliminary finding as to the

14   reliability of expert testimony. See United States v. Valencia-Lopez, 971 F.3d 891, 899

15   (9th Cir. 2020). In Valencia-Lopez, the Ninth Circuit reasoned that "the district court's

16   gatekeeper role includes a 'preliminary assessment of whether the reasoning or

17   methodology underlying the testimony is . . . valid and whether that reasoning or

18   methodology properly can be applied to the facts at issue.'" *Id.* at 900 (citing *United States*

19   *v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002)).

20        **a.** **Ms. Sud-Devaraj's proposed testimony on "whether, at the time of applying**

21        **for naturalization in 2022, it would be reasonable to conclude that Mr.**

22        **Castro was under the impression, based on his attorney-client relationship**

23        **with Margo Cowan, that it was appropriate to answer 'no' to the question**

24        **on his N-400 application…" does not meet the Rule 702 admissibility**

25        **requirements.**

26        The record shows Ms. Sud-Devaraj's knowledge and experience do not qualify her

27   as an expert as to the state of mind of the defendant and as to what the defendant was

28   thinking while committing the crime for which he has been indicted for. While Ms. Sub-

Devaraj experience is extensive in immigration defense law, there is nothing on her record that shows she is an expert in mind reading. Ms. Sud-Devaraj's experience may qualify her as an expert in other types of cases, but she is not a qualified expert here. Ms. Deveraj attempts to draw conclusions about to what the defendant's beliefs were at the time of the crime, there is simply too large of a gap in her background for her to reliably testify as to that topic. Further, any testimony Ms. Sud-Deveraj would proffer on the topic of the defendant's state of mind is pure speculation and not admissible. Therefore, her testimony falls short if the standard for expert admissibility.

## Conclusion

The defense has not met its burden to show by a preponderance of the evidence that Ms. Deveraj's proposed expert testimony is admissible under Federal Rule of Evidence 702. The Court should limit or preclude the noticed testimony after conducting a Rule 702 inquiry at the requested *Daubert* hearing.

Respectfully submitted this 14th day of November, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/José Solis*

SAUSA
Special Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 14th day of November, 2025, to:

Matthew H. Green, Esq.
Peter Hormel, Esq.
Attorneys for Defendant

*s/ José Solis*

JOSÉ SOLIS
Special Assistant U.S. Attorney