TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JOSE SOLIS
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: jose.solis.jr@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR25-02525-RCC-MSA-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION TO OBTAIN FINGERPRINTS |
| vs. | |
| Hernan Rafael Castro, | |
| Defendant. | |

The United States of America respectfully requests that the Court enter an order directing the Defendant to submit to fingerprinting by the government's fingerprint expert prior to or during trial, which is set to begin on April 21, 2026.

The government's fingerprint expert will have compared the Defendant's fingerprints taken at or near the time of his federal arrest on May 31, 2025, in the instant matter to other documents containing Defendant's fingerprints taken during prior encounters with immigration authorities. In its case in chief, the government must show the Defendant is the same individual whose prints were taken when he was arrested by Homeland Security Investigations Agents on or about May 31, 2025. The most efficient and conclusive manner of establishing this is to permit the expert witness to take a set of Defendant's fingerprints for comparison.

This direct comparison avoids the possibility of confusing the jury. The Government proposes the fingerprints be obtained at the detention hearing on February 24, 2026. An

order granting this motion would not violate Defendant's constitutional rights. "Fingerprinting involves none of the probing into an individual's private life and thoughts that marks [a Fourth Amendment] interrogation or search." Davis v. Mississippi, 394 U.S. 721, 727 (1969). And "both federal and state courts have usually held that [the Fifth Amendment privilege against self-incrimination] offers no protection against compulsion to submit to fingerprinting." Schmerber v. California, 384 U.S. 757, 764 (1966). Similarly, "[c]ompulsion of handwriting exemplars is neither a search or seizure subject to Fourth Amendment protections . . . nor testimonial evidence protected by the Fifth Amendment." United States v. Euge, 444 U.S. 707, 718 (1980) (citing United States v. Mara, 410 U.S. 19 (1973), and Gilbert v. California, 388 U.S. 263 (1967)).

Undersigned counsel has spoken to defense counsel, Matthew Green, and he has no opposition to the government's motion.

Based on the foregoing, the United States respectfully requests the Court enter and Order directing Defendant to submit to fingerprinting by the government's fingerprint expert at his detention hearing on February 24, 2026.

Respectfully submitted this 18th day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

s/José Solis

JOSE SOLIS
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 18th day of February, 2026, to:

All ECF Participants

s/ José Solis

JOSÉ SOLIS
Assistant U.S. Attorney