TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JOSE SOLIS
JANE WESTBY
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: jose.solis.jr@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR25-02525-RCC-MSA-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE THE RELIANCE ON COUNSEL DEFENSE |
| vs. | |
| Hernan Rafael Castro, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, respectfully moves in limine to preclude the defense of reliance on counsel. The defense has not met its burden to show the defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably followed the attorney's recommended course of conduct or advice in good faith. *See Ninth Circuit model jury instruction*. Good faith reliance requires full disclosure of all material facts to an attorney, rather than mere reliance on counsel after the fact. As required under the local rules and the Court's orders, the parties have conferred about this motion in limine but are unable to reach a resolution without court intervention.

> **I.      The Reliance on Counsel Defense Should Be Precluded Because There is No Evidence that Defendant told his Lawyer the Truth about his Prior Drug Sales.**

### A. Ms. Margo Cowan's Deposition Testimony Does Not Support Advice of Counsel Defense.

The defendant is highly likely to argue that he relied on his former attorney Margo Cowan's advice and thus did not knowingly make a false certification.[1] (Doc. 91 at 122.) On December 9, 2026, Ms. Cowan was deposed by the parties. (Doc. 56.) Ms. Cowan's testimony shows that she did not advise defendant to be untruthful on this N400.  Ms. Cowan stated she personally reviewed the defendants' 2022 N400 application and that it was her practice to sit down with the applicant and go through everything to make sure it's accurate and answer any questions the applicants had. (*Id.* at 56.) Ms. Cowan stated that it was unlikely that she signed the N400 application, but did not sit down with the defendant and review it with him. (*Id*. at 57.)  She further explained, " I want everybody to see what the questions are and what the responses are, and if they're not correct, to tell them so that we can correct them and have, really, a discussion about it."  *Id.*  Ms. Cowan also stated, "I don't sign those applications until they have been reviewed with the client, the person that's reviewing them believes they're comprehensive, nothing is left out, there are no questions, that kind of stuff." (*Id.* p. 58).

Ms. Cowan also states that she believed she reviewed question 30(c) on the defendants 2022 N400 application stating, "I am not quite sure, but I think that we did, and I think that the reason that that was answered that way is that he denied ever smuggling, and I don't [sic] that he admitted to selling. I think he admitted to possessing and giving to friends, but that's been a long time. But that's my memory." (Id. at 66.) . Ms. Cowan knew that defendant had been denied [naturalization] in the past.  (Id. at 81). Ms. Cowan thought that since the statutory period had passed the defendant could re-apply.  (Id. at 81).

---

[1] The United States incorporates its Motion to Preclude Witness (Ms. Cowan) herein by reference.

Ms. Cowan further explained the N400 application process at the immigration clinic.  Ms. Cowan explained that when her office assisted N400 applicants in filling their applications out, they would ask a couple of questions about felony convictions, length in the country, length of LPR status, and that sort of initial questions in order to determine their eligibility for naturalization. (*Id.* at 81.)

Ms. Cowan further explained the naturalization application process. (Id. at 81-82.) Ms. Cowan explained someone would sit with the applicant and go over the entire application to see if there were any reasons [they] were ineligible to apply. *Id.* Someone in the office would prepare a draft and go over all the questions to make sure it was accurate and make any corrections that were needed. *Id*.

Ms. Cowan stated "no" when asked if she ever provides the answers to any of the questions. (*Id*. at 83.) When asked if the initial responses to "all those questions" came from defendant, she replied, "[y]es, they do."  (*Id*. at 84.)  Ms. Cowan agreed that she can only give the best advice based on the information that she receives from the client.  *Id.*

Ms. Cowan also addressed instances where people give answers they know are untruthful.  (*Id*. at 85).  She explained that they do "call people out" and so, "No you can't be telling me that. This is the question. You got to tell me the answer, and if the answer is not pretty, that's okay. We'll tell you whether or not it's gonna work or not because we don't want you to spend your money, you know, putting something in an application that's just going to get bounced back and denied."  *Id.*

Ms. Cowan explained she does not usually fill out the N400 applications, but usually reviews them; and, she stated "absolutely no" that she does not make up answers.  (*Id*. at 97.) Ms. Cowan had no reason to believe the defendant's answers on his 2022 N400 application were inaccurate. *Id*. Ms. Cowan had no reason to believe the defendant's answer to question 30(c) was incorrect and she had no knowledge as to what happened in high school. (*Id.* at 98.)   When Ms. Cowan was asked whether she would have asked defendant to change his answer -- if the defendant had told her he sold controlled substances in high school, - Ms. Cowan responded, "yes." *Id.*

B. Defendant's Expert Ms. Sud-Devaraj's testimony Does not Support Reliance on Counsel Defense.

The defendant has hired an immigration attorney, Ms. Sud-Devaraj to testimony about the defendant's mental state and to speculate on the competence of Ms. Cowan as an attorney. (See Motion to Preclude Expert Witness, Exhibit A, Affidavit of Ms. Sud-Devaraj)  Ms. Sud-Devaraj's testimony will provide no evidence in support of a reliance of counsel defense.  In fact, as more fully set forth in the Motion to Preclude Expert Witness Testimony, incorporated herein by reference, Ms. Sud-Devaraj's testimony should be precluded in its entirety.

C. The Text Messages Between Defendant and Ms .Mercado at the Immigration Clinic Are Inadmissible and Do Not Support a Reliance on Counsel Defense.

Defendant may offer text messages to argue that he had a good faith belief that he could be untruthful on his N400 naturalization.  Defendant texted with Ms. Mercado, a receptionist or lead, at the immigration clinic where Ms. Cowan worked, asking about his case, "[a]nd I won't have any problems with what happened in the past."  (See Motion to Preclude Expert Testimony, Exhibit A, p. 4-5). Ms. Mercado texted back to defendant that "[Ms. Cowan] told me I could apply."  "When she tells me to do it, its because she thinks you won't have any problems."

These texts do not show that defendant fully disclosed his prior drug sales to his attorney or anyone at the immigration clinic.  In fact, these texts are misleading because defendant did not clarify which "problems" he was talking about.  Defendant had prior convictions for Dangerous Drug Possession in 2006, and a conviction for shoplifting in 2009, in addition to the sale of the controlled substances at issue in this case.   In fact, the reasonable inference from the text messages is that defendant was referring to the drug possession and shoplifting cases because those are the crimes

- 4 -

that he disclosed on his 2022 N400.  Furthermore, if defendant had believed, based on these texts, that his sale of controlled substances was not an issue, he would have included them in his application.

**ARGUMENT**

The reliance defense is not an affirmative shield that can be invoked through mere "attorney involvement"; it is an evidentiary theory that requires a defendant to prove they made a complete and honest disclosure of all material facts prior to the conduct in question. *See Ninth Circuit model jury instruction.*  An advice-of-counsel defense requires a showing that the defendant made a full disclosure of material facts to defendant's attorney and that defendant then relied on a course of conduct in good faith.  *See U.S. v. Mazzarella*, 609 Fed.Appx. 914, 916 (2015) (defendant did not establish facts supporting advice-of-counsel jury instruction because it requires a showing that the defendant made a full disclosure of material facts to defendant's attorney and that defendant then relied on a course of conduct in good faith; no evidence defendant or co-defendants disclosed to their attorney that they intended to use false information on straw buyer loan applications).  An advice of counsel instruction is not warranted if it is based on "mere suspicion or speculation." *United States v. De Souza*, 811 Fed.Appx. 575 (11th Cir. 2020).

Here, there is no evidence that Ms. Cowan advised defendant to be untruthful on his N400 in 2022. (Doc. 56.) The defendant failed to provide full disclosure of all relevant facts to Ms. Cowan when she went over the application with him. (*Id*. at 84.) The defendant did not ask and did not receive the specific advise relating to his drug sales in high school, rather, he told Ms. Cowan that he possessed drugs and gave them to friends. (*Id*. at 66.) Because the defendant was not told his conduct was legal by Ms. Cowan because he never fully disclosed his drug sales in high school. *Id*. The defendant did not rely in good faith on Ms. Cowan's advice because he never fully disclosed all the facts relating to his drug sales in high school. *Id*. Further, there is no contemporaneous written documentation to show that Ms. Cowan specifically gave him advise on his drug sales in high school. *Id*. The

defendant cannot show good faith reliance when he selectively ignored or withheld facts from Ms. Cowan that would have changed Ms. Cowan's opinion. An opinion based on incomplete information is considered legally ineffective because Ms. Cowan could not provide accurate guidance on the legality of the actual conduct if she did not know the actual facts. (*Id*. at 84, 97, and 98.)

**Conclusion**

The defense has not met its burden to show the defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably followed the attorney's recommended course of conduct or advice in good faith.

For all these reasons, the government requests that the Court should preclude the defense from being allowed to present a reliance on counsel defense and from presenting evidence or argument regarding Mary Margot Cowan, testimony by Ms. Sud-Devaraj, or the admission of self-serving text messages.

Respectfully submitted this 20th day of March 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/José Solis*

AUSA
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 20th day of March 2026, to:

Matthew H. Green, Esq.
Peter Hormel, Esq.
Michael Jette, Esq.
Attorneys for Defendant

*s/ José Solis*

JOSÉ SOLIS
Assistant U.S. Attorney