TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JOSE SOLIS
JANE WESTBY
Arizona State Bar No. 036574
United States Courthouse
405 W Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: jose.solis.jr@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR25-02525-RCC-MSA-1 |
| Plaintiff, | |
| v. | **UNITED STATES' MOTION IN LIMINE TO PRECLUDE WITNESS** |
| Hernan Rafael Castro, | |
| Defendant. | |

The United States hereby moves in limine to preclude the testimony of the defendant's former immigration attorney, Ms. Mary Margot Cowan, as irrelevant because her testimony does not support an advice of counsel defense. Fed.R.Evid. 401. Additionally, as more fully discussed below, Ms. Cowan may not be called as a defense witness solely to impeach here with her disciplinary history. Defense counsel has been contacted and objects to this motion in limine.

I.      BACKGROUND

Defendant has been charged with making a false statement on his naturalization application (N400) in 2022, in violation of Title 18, U.S.C. 1015(d).  In 2022, Defendant was untruthful when he checked "no" to question number 30(c) on his Form N400 which asked "[h]ave you ever sold or smuggled controlled substances, illegal drugs, or narcotics? (Bates No. 92).  Defendant certified that he "provided or authorized all of the information" in his application.  (Bates No. 94). Defendant further certified that everything on his application was "complete, true, and correct."  (Bates No. 0094).

However, in 2014, defendant completed an N400 application in which his answer to question 30(c) was "yes," that he had sold or smuggled controlled substances, illegal drugs, or narcotics.  (Bates No. 71).  Handwritten in red on defendant's N-400 next to question 30(c) was a note that stated, "in High School – sold clonapin."  Additionally, during defendant's sworn statement for the 2014 application, defendant was asked if he ever assisted or [had] been involved to any extent with the selling or transportation of controlled substances, to which defendant responded, "[y]es, in high school, I sold, not transported some medications in high school.  I was 16."  (Bates No. 55).  When asked about what controlled substances defendant was selling, defendant stated "Clonapin or Flurazepam."  (Bates No. 56).  Defendant swore that his answers, including any corrections, were true and correct.  (Bates No. 75).

II.    **This Court Should Preclude Ms. Cowan as a Defense Witness Because Her Testimony Does Not Prove an Advice of Counsel defense and Is Irrelevant for that Purpose.**

The reliance defense is not an affirmative shield that can be invoked through mere "attorney involvement"; it is an evidentiary theory that requires a defendant to prove they made a complete and honest disclosure of all material facts prior to the conduct in question. *See Ninth Circuit model jury instruction.*  An advice-of-counsel defense requires a showing that the defendant made a full disclosure of material facts to defendant's attorney and that defendant then relied on a course of conduct in good faith.  *See U.S. v. Mazzarella*, 609 Fed.Appx. 914, 916 (2015) (defendant did not establish facts supporting advice-of-counsel jury instruction because it requires a showing that the defendant made a full disclosure of material facts to defendant's attorney and that defendant then relied on a course of conduct in good faith; no evidence defendant or co-defendants disclosed to their attorney that they intended to use false information on straw buyer loan applications).  An advice of counsel instruction is not warranted if it is based on "mere suspicion or speculation." *United States v. De Souza*, 811 Fed.Appx. 575 (11th Cir. 2020).  Here, there is no evidence that Ms. Cowan advised defendant to be untruthful on his N400 in 2022.

On December 9, 2026, Ms. Cowan was deposed by the parties. (Doc. 56.) Ms.

- 2 -

Cowan's testimony shows that she did not advise defendant to be untruthful on this N400. Ms. Cowan stated she personally reviewed the defendants' 2022 N400 application and that it was her practice to sit down with the applicant and go through everything to make sure it's accurate and answer any questions the applicants had. (*Id.* at 56.) Ms. Cowan stated that it was unlikely that she signed the N400 application, but did not sit down with the defendant and review it with him. (*Id*. at 57.)  She further explained, " I want everybody to see what the questions are and what the responses are, and if they're not correct, to tell them so that we can correct them and have, really, a discussion about it." *Id.*  Ms. Cowan also stated, "I don't sign those applications until they have been reviewed with the client, the person that's reviewing them believes they're comprehensive, nothing is left out, there are no questions, that kind of stuff." (*Id.* p. 58).

Ms. Cowan also states that she believed she reviewed question 30(c) on the defendants 2022 N400 application stating, "I am not quite sure, but I think that we did, and I think that the reason that that was answered that way is that he denied ever smuggling, and I don't [sic] that he admitted to selling. I think he admitted to possessing and giving to friends, but that's been a long time. But that's my memory." (Id. at 66.) . Ms. Cowan knew that defendant had been denied [naturalization] in the past.  (Id. at 81). Ms. Cowan thought that since the statutory period had passed the defendant could re-apply.  (Id. at 81).

Ms. Cowan further explained the N400 application process at the immigration clinic.  Ms. Cowan explained that when her office assisted N400 applicants in filling their applications out, they would ask a couple of questions about felony convictions, length in the country, length of LPR status, and that sort of initial questions in order to determine their eligibility for naturalization. (*Id.* at 81.)

Ms. Cowan further explained the naturalization application process. (Id. at 81-82.) Ms. Cowan explained someone would sit with the applicant and go over the entire application to see if there were any reasons [they] were ineligible to apply. *Id.* Someone in the office would prepare a draft and go over all the questions to make sure it was accurate and make any corrections that were needed. *Id*.

Ms. Cowan stated "no" when asked if she ever provides the answers to any of the questions. (*Id*. at 83.) When asked if the initial responses to "all those questions" came from defendant, she replied, "[y]es, they do." (*Id*. at 84.)  Ms. Cowan agreed that she can only give the best advice based on the information that she receives from the client.  *Id.*

Ms. Cowan also addressed instances where people give answers they know are untruthful.  (*Id*. at 85).  She explained that they do "call people out" and so, "No you can't be telling me that. This is the question. You got to tell me the answer, and if the answer is not pretty, that's okay. We'll tell you whether or not it's gonna work or not because we don't want you to spend your money, you know, putting something in an application that's just going to get bounced back and denied."  *Id.*

Ms. Cowan explained she does not usually fill out the N400 applications, but usually reviews them; and, she stated "absolutely no" that she does not make up answers.  (*Id*. at 97.) Ms. Cowan had no reason to believe the defendant's answers on his 2022 N400 application were inaccurate.  *Id*. Ms. Cowan had no reason to believe the defendant's answer to question 30(c) was incorrect and she had no knowledge as to what happened in high school. (*Id.* at 98.)  When Ms. Cowan was asked whether she would have asked defendant to change his answer -- if the defendant had told her he sold controlled substances in high school, - Ms. Cowan responded, "yes."  *Id.*

III.    Defendant May Not Call Ms. Cowan Soley to Show She is a Bad Lawyer.

Evidence that Ms. Cowan has an Arizona State Bar disciplinary record and was suspended  as an attorney is irrelevant in this case. [1]   The only possible reasons for the

---

[1] On July 7, 2023, Ms. Cowan was suspended from the practice of law before the Immigration Courts, the Board of Immigration Appeals, and the Department of Homeland Security for a period of two years.  In the Matter of Mary M. Cowan, U.S. Department of Justice, Executive Office for Immigration Review (EOIR), Board of Immigration Appeals BIA), Amended Decision, File No. D2017-0363, dated July 7, 2023 ("July 7, 2023 Order"). (4:23-CV-00327-JAS,  Doc. 1-3). The disciplinary findings included that Ms. Cowan: 1) filed notices of appeal without first making reasonable efforts to determine if there was an appealable issue, and did not subsequently file an appeal after stating she would do so (Id.

defense to try to introduce this information would be to show that Ms. Cowan is a bad attorney and so she must have told the defendant to lie on his N400 that he had never sold drugs.  However, there is no evidence of this.

The defendant may not call Ms. Cowan just to show that she is a bad lawyer, and therefore she must have told defendant to lie on his N400 application. A party may not call a witness for the sole purpose of impeaching [her].   *U.S. v. Giles,* 246 F.3d 966. (7th Cir. 2001) (party further failed to provide proffer of what the testimony may be). *See i.e.*, *Gordon v. U.S.* 383.F.2d 936, (U.S.App.D.C. 1967) (legitimate purpose of impeachment which is, of course, not to show that the accused who takes the stand is a 'bad' person but rather to show background facts which bear directly on whether jurors ought to believe him rather than other and conflicting witnesses.) Information about Ms. Cowans's disciplinary actions is not relevant as defined in Fed. R. Evid. 401 because it does not "have any tendency to make a fact more or less probable" than without the evidence.  It should be precluded as irrelevant.

Additionally, this evidence would not be admissible if offered under Fed. R. Evid. 404((b) to show "character" and/or that the person acted "in accordance" with that character or trait. The defendant has not stated how any of the underlying facts from the disciplinary actions show that she advised the defendant to be untruthful.

Finally, Ms. Cowan should be precluded as a defense witness pursuant to Fed. R.

---

pp. 7-8); 2) failed to timely file briefs ordered by an Immigration Judge (Id. pp. 9); and failed to file applications for relief from removal by the court imposed deadlines, and failed to ensure that her clients completed biometric requirements (Id. p. 10).  On July 20, 2023, Ms. Cowan filed a complaint in Federal District Court under the APA to set aside the decision by the BIA.  (4:23-CV-00327-JAS, Doc. 1).  On August 28, 2024, the District Court remanded the case back to the BIA after the United States filed a motion stating that Ms. Cowan had a substantial and legitimate concern that the BIA decided Ms. Cowan's appeal when certain filings were missing.  (4:23-CV-00327, Doc. 39. 54). (As of this filing date, the United States has not obtained a copy of any final order after remand.)  However, *Su* Order of Reciprocal Discipline, In the Matter of a Member of the State Bar of Arizona v. Mary M. Cowan, PDJ 2023-9053 (adopting July 7, 2023, Order by the United States Department of Justice, Executive Office for Immigration Review, Board of Immigration Appeals. On January 30, 2025, Ms. Cowan also signed an agreement for discipline by consent in an Arizona State Bar proceeding (including failing to maintain adequate communication, negligently mishandling client funds, failure to comply with BIA court Order to provide written notice of her suspension to all clients). PDJ2024-9041

Evid. 403 because impeachment with disciplinary proceedings would create unfair prejudice, confuses the issues, and mislead the jury. In short, if the defense is allowed to introduce this information, this will result in a "mini-trial" about Ms. Cowan, instead of whether or not defendant was untruthful on his N400.

For all of these reasons, the government requests that the court preclude the defense from presenting evidence or argument regarding Mary Margot Cowan.

Respectfully submitted this 20th day of March 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

s/ José Solis

JOSÉ SOLIS
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

On March 20, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal.

Matthew H. Green, Esq.
Peter Hormel, Esq.
Michael Jette
Attorneys for Defendant

s/ José Solis
JOSÉ SOLIS
Special Assistant U.S. Attorney