TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JOSE SOLIS
JANE WESTBY
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: jose.solis.jr@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR25-02525-RCC-MSA-1 |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENSE MOTION IN LIMINE RE: EVIDENCE PROPOSED FOR ADMISSION |
| vs. | |
| Hernan Rafael Castro, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby responds to the Defendant's Motion in Limine Re: Evidence Proposed for Admission (Motion in Limine).  (Doc 113.)

**ARGUMENT**

I.      **The Government Objects to the Admission of the Client File Maintained by Ms. Cowan and Keep Tucson Together.**

The issue at trial will be whether defendant knowingly made a false statement on his N400 naturalization application in 2022 when he checked "no" to question number 30(c), which asked whether defendant had *ever* sold or smuggled drugs or controlled substances.  (Bates No. 92, emphasis added).  The defendant asserts a reliance on counsel defense to attempt to negate defendant's knowledge.  However, defendant knew when he

filled out the form in 2022 that he had previously sold controlled substances.  He admitted to the drug sales on his 2014 naturalization application.  Therefore, the defense wants to present, without evidence, that somehow his attorney Ms. Cowan, made him "unknow" the fact of his prior drug sales.  Ms. Cowan, through her deposition testimony, does not provide any testimony inferring that she told defendant to mark "no," when the true answer was "yes."[1]  The government continues to object on relevance grounds pursuant to Fed.R.Evid. 401, and additionally asserts as follows.

Based on the lack of evidence, defendant seeks to introduce his self-serving hearsay statements in his client file as a business record.  For example, defendant seeks to admit text messages between defendant and a paralegal/office manager at the immigration clinic where defendant was a client.  However, the text messages do not meet the knowledge requirement under Rule 803(6) to admit as business record.  As discussed in the government's motion to preclude the text messages as self-serving hearsay, (Doc. 117), the texts by themselves offer no foundation as to the paralegal's knowledge of what the defendant meant when he asked about not having any trouble with the "thing in the past." [2]  Therefore, the paralegal's response -- that Ms. Cowan would think there would be no problem -- is misleading absent context presented by a witness. The texts do not qualify as business records and cannot be admitted with use of only a custodian of records certificate.

These texts, along with letters and statements by defendant in the immigration clinic file are also inadmissible self-serving hearsay.  Fed.R.Evid. 801(d)(1)(2).

The Court documents and immigration documents maintained in the defendant's file also do not qualify as business records of the immigration clinic.  These documents

---

[1] The United States incorporates by reference it Motion to Preclude Witness (Ms. Cowan).  (Doc. 119).

[2] The United States incorporates by reference is Motion to Preclude Defendant's Hearsay Statements.  (Doc. 117).

were not records made in the course of the immigration clinic's business.  Therefore, to the extent defendant offers any such document pursuant to Rule 803(6), he should be precluded from doing so.

The *Stever* case cited by defendant does not apply here.  In *Stever* the defendant, charged with conspiracy to manufacture marijuana plants, wanted to introduce information that drug cartels had planted marijuana on the property owned by others. The Court found that the proffered evidence was central to the defense, whether defendant was involved in the marijuana operation, and whether someone else committed the crime by planting the marijuana on his land.  *U.S. v. Stever*, 603 F.3d 747, 756 (9th Cir. 2010). Here, the defendant's self-serving text messages and statements are not analogous to the testimony about Cartel activity in the *Stever* case.

Here, the defendant has been able to fully develop his reliance of counsel defense through a deposition of Ms. Cowan -- whether she told defendant to check "no" when he should have checked "yes."  In fact, defendant has moved to preclude the answer to this question.  In Defendant's Motion in Limine Re: Preclusion of Potential Items (Doc. 112), defendant moves to preclude Ms. Cowan's answer to the question - if the defendant told her about the drug sales, would she have told him *not* to apply [for naturalization].  Ms. Cowan stated:

> Certainly.  I mean, I'd want to look at, you know, do you have any papers, were you arrested, were you charged with something, were you convicted, was it dismissed.  I'd want to look at something, but this question is really deeper than whether or not there was a conviction.

(Deposition of Margo Cowan, Dec. 9, 2026, Doc. 56, pp. 90-91).

Thus, Defendant incorrectly moves to preclude the answer to the ultimate issue as speculative because it is not the answer he wants.  (Doc. 113).  Unlike *Stever*, there is no evidence to develop.  Defendant has not been precluded from developing a defense.   He thoroughly explored the defense during the deposition of Ms. Cowan.

## II.    The United States Objects to The Admission of The Arizona State Bar Order and Opinion.

The United States objects to the admission of the Arizona State Bar Order and Opinion suspending Ms. Cowan.  As discussed in the United States Motion to Preclude Witness, (Doc. 119), the United States objects to the admission of evidence which sole purpose is to show that Ms. Cowan is, in general, a bad lawyer so that defendant may argue that she must have told defendant to be untruthful on his naturalization application. However, there is no evidence that Ms. Cowan was provided with all the pertinent facts from defendant about his drug sales and that she advised defendant to be untruthful on his N400 application.

An advice-of-counsel defense requires a showing that the defendant made a full disclosure of material facts to defendant's attorney and that defendant then relied on a course of conduct in good faith.  *See U.S. v. Mazzarella*, 609 Fed.Appx. 914, 916 (9th Cir. 2015).  An advice of counsel instruction is not warranted if it is based on "mere suspicion or speculation." *United States v. De Souza*, 811 Fed.Appx. 575 (11th Cir. 2020).

## III.    The United States Objects to the Testimony of Monica Sud-Devaraj.

The government incorporates by reference its Motion in Limine to Preclude Defense Expert. (Doc. 116).  As discussed in the United States' Motion in Limine, the defense has not met its burden to show by a preponderance of the evidence that Ms. Sud-Devaraj's proposed expert testimony is admissible under Fed.R.Evid. 702.  Additionally, Ms. Sud-Devaraj's offered testimony impermissibly opines on defendant's mental state and should be precluded under Fed.R.Evid. 704.  Furthermore, Ms. Sud-Devaraj's testimony is based on speculation and does not support an advice of counsel defense.  It should be precluded as irrelevant, and highly prejudicial,  Fed.R.Evid. 401, 403.

**IV.    The United States Objects to the Admission of USCIS Regulations, Policies, and Guidelines.**

The United States objects to the admission of the USCIS Regulation, Policies, and Guidelines listed by defendant in the Motion in Limine. (Doc. 113, p. 10). Based on defendant's Motion in Limine, the defendant appears to offer all of these documents related to the issue of the absence of a recording of the 2022 naturalization interview. However, these records contain approximately 142 pages of policies, regulations, and guidelines – much of which do not relate to defendant's complaint that the 2022 interview was not recorded. The United States objects to the wholesale admission of these policies as they contain a broad range of policy, regulation, or guidelines unrelated to recording interviews and these portions are inadmissible pursuant to Fed.R.Evid. 401.

**Conclusion**

For the reasons discussed above, the government respectfully requests that the Court deny Defendant's Motion in Limine in its entirety.

Respectfully submitted this 1st day of April 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/José Solis*

AUSA
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 1st day of April 2026, to:

Matthew H. Green, Esq.
Peter Hormel, Esq.
Michael Jette, Esq.
Attorneys for Defendant

*s/ José Solis*

JOSÉ SOLIS
Assistant U.S. Attorney

- 5 -