**GREEN EVANS-SCHROEDER, PLLC**
Matthew H. Green (Bar No. 020827)
Peter Hormel (Bar No. 015808)
130 West Cushing Street
Tel.: (520) 882-8852
Fax: (520) 882-8843
Email: matt@arizonaimmigration.net
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

United States of America,

   Plaintiff,

vs.

Hernan Rafael Castro,

   Defendant.

CR25-02525-RCC-MSA-1

**RESPONSE TO GOVERNMENT MOTION IN LIMINE TO PRECLUDE WITNESS (Doc. 119)**

(Honorable Raner C. Collins)

Defendant, through counsel undersigned, hereby responds to the government's motion in limine to preclude the testimony of Attorney Margo Cowan.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Consistent with its other motions in limine, in Document 119 the government argues that because Mr. Castro is not entitled to a reliance on counsel defense. any evidence relating to his representation is inadmissible. In this pleading, the government

1

seeks to preclude, in its entirety, the testimony of the person who signed Mr. Castro's N-400 application as its preparer, Margo Cowan.

The defense hereby incorporates its pleadings in responses to Documents 116, 117, and 118 herein.

**II.     Ms. Cowan's Testimony is Relevant.**

Regardless of whether Mr. Castro is ultimately entitled to a reliance on counsel instruction, Ms. Cowan's testimony is relevant pursuant to Rules 401, et seq. of the Federal Rules of Evidence.

The government concedes that Ms. Cowan prepared the N-400 application[1] that is the basis for the indictment in this case. The government also concedes that Ms. Cowan testified as follows in her deposition:

> Q. Did you ever speak to Mr. Castro about Question 30C?
> A. I'm not quite sure, but I think that we did, and I think that the reason that that was answered that way is that he denied ever smuggling, and I don't that he admitted to selling. I think he admitted to possessing and giving to friends, but that's been a long time.· But that's my memory.
> Q. Admitted to who?
> A. Me.

*Deposition of Margo Cowan,* pp. 66-67, ll. 17-1.

As such, here is a witness who has a memory—if hazy—of what Mr. Castro may have said about the *actual event that is basis of the indictment.* This witness is the person who ultimately signed the document as its official preparer. This person has testified that

---

[1]Specifically, the indictment alleges is that Mr. Castro improperly checked "no" on the box for question 30(c), which asks: "Have you ever sold or smuggled controlled substances, illegal drugs, or narcotics?"

Mr. Castro directly acknowledged an instance of transferring illegal drugs to his friends. The idea that this evidence is irrelevant in a trial that involves Mr. Castro allegedly attempting to hide this information from the government borders on the unbelievable.

One would be hard pressed to imagine a witness *more relevant* to Mr. Castro's state of mind during the preparation of his N-400 application than Margo Cowan. The only conceivable way Ms. Cowan's testimony would not be admissible is if the government were to convince the court that 18 U.S.C. § 1015(d) involves some sort of strict liability standard. It has not attempted this, in so many words, let alone cited any law to that effect.

As such, pursuant to the basic constitutional concepts discussed at length in the other pleadings in this sequence, Mr. Castro is entitled to present evidence that challenges the government's proof pursuant to the Fifth and Sixth Amendments to the United States Constitution. That obviously extends to the government's proof of the element of mens rea. The caselaw cited by the government is the same as it cited in its other pleadings and relates only to the reliance on counsel argument, from which the government seeks to extrapolate its evidentiary arguments: *United States v. Mazzarella,* 609 Fed. Appx. 914 (9th Cir. 2015) and *United States v. De Souza*, 811 Fed. Appx. 575 (11th Cir. 2020). For the same reasons that are described in Mr. Castro's response to Document 118, these cases are not helpful in resolving this issue.

### III.    Ms. Cowan's Disciplinary History is Relevant.

Mr. Castro does not seek to have Ms. Cowan testify simply to impeach her. This is a strawman set up by the government on page 5 of Document 119. Whether the Court permits evidence regarding Ms. Cowan's suspension from the practice of law is separate from the question of whether she is allowed to testify at all. The government's assumption that the defense would call her simply to impeach her is unfounded. The defense would call Ms. Cowan to have her testify, as described above, about what she remembers—and what she does *not* remember—about the preparation of Mr. Castro's N-400.

Secondarily, presuming that Ms. Cowan is permitted to testify about her recollections of the core events in this case, it is the defense position that her practices as an attorney will also become relevant. The jury will undoubtedly want to know how it came to be that an application came to look how it did *after* a client admitted moving drugs to his attorney.

The bottom line is that the government chose to indict Mr. Castro. It is now in the position that it must prove its case. Such proof will inevitably involve the actual things that happened. These involve the perhaps unsurprising reality that an overworked attorney representing thousands of people made multiple mistakes in preparing this application. Critically, in addition to Question 30(c), Question 35 ("Have you ever been placed in removal, exclusion, rescission, or deportation proceedings?") was also answered incorrectly as "no." This is answer is eye-opening, considering Ms. Cowan represented Mr. Castro in those removal proceedings *herself*. Perhaps less surprisingly,

4

the government chose not to indict Mr. Castro for answering this question improperly. Subsequently, Question 36 was not answered at all. The process by which these answers came to be is relevant to this trial. Ms. Cowan's subsequent discipline is relevant to answering these questions.

The government has cited to no law that suggests otherwise. In the absence of such citation, Mr. Castro asserts his constitutional right to defend himself.

RESPECTFULLY SUBMITTED this 1st day of April, 2026.


By: s/ *Matthew H. Green*
Matthew H. Green
Attorney for Defendant


Copy of the foregoing
via Email to:

Jose R. Solis, Esq.
Assistant United States Attorney

Jane Westby, Esq.
Assistant United States Attorney